856 F.2d 196
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald TURNPAUGH, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 86-1811.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald Turnpaugh appeals the district court's denial of his third petition for a writ of habeas corpus. We affirm.
 
 
 2
 In 1977, Turnpaugh was convicted by a jury of two counts of first-degree murder and was sentenced to life imprisonment on each count. After the Michigan Court of Appeals affirmed the conviction, Turnpaugh, pro se, filed two petitions for habeas corpus relief. On May 22, 1985, the district court dismissed both petitions.
 
 
 3
 On November 26, 1985, Turnpaugh filed a third petition for habeas corpus. The district court found that this third petition was not an abuse of the writ, but the district court denied the petition on its merits.
 
 
 4
 On appeal, Turnpaugh raises a number of arguments, each of which we find without merit. We discuss the most significant arguments below.
 
 
 5
 First, Turnpaugh argues that his conviction was not supported by constitutionally sufficient evidence. Under Jackson v. Virginia, 443 U.S. 307, 324 (1979), a habeas corpus petitioner is entitled to relief "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt." We have reviewed the record, and we conclude that a rational trier of fact clearly could have found Turnpaugh guilty of first-degree murder beyond a reasonable doubt.
 
 
 6
 Second, Turnpaugh argues that prosecutorial misconduct deprived him of a fair trial. Because federal courts have no supervisory powers over state trial proceedings, a writ for habeas corpus relief on the basis of prosecutorial misconduct will not issue unless the misconduct was "so egregious so as to render the entire trial fundamentally unfair." Cook v. Bordenkircher, 602 F.2d 117, 119 (6th Cir.), cert. denied, 444 U.S. 936 (1979). We agree with the district court's reading of the record: Turnpaugh's allegations of prosecutorial misconduct are unfounded, and, to the extent the prosecutor may have erred, such errors were clearly not "so egregrous so as to render the entire trial fundamentally unfair."
 
 
 7
 Third, Turnpaugh complains that his right to due process was violated when the state trial court failed to instruct the jury sua sponte that accomplice testimony is to be held with distrust. Failure to give such an instruction, however, cannot constitute a constitutional deprivation: "there can be no constitutional right to instruct the jury that it must find corroboration for an accomplice's testimony." Takacs v. Engle, 768 F.2d 122, 127 (6th Cir.1985).
 
 
 8
 Fourth, Turnpaugh argues that his due process rights were violated when he did not receive his preliminary examination within twelve days of his arraignment as required by Mich.Comp.Laws Sec. 767.4 and the prosecution did not seek a hearing within the thirty day rule of People v. Pearson, 404 Mich. 698, 273 N.W.2d 856 (1979). As before, Turnpaugh has not made a federal constitutional claim. Instead, Turnpaugh merely asserts violations of state law. As the Supreme Court has made clear, a writ of habeas corpus cannot issue "on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984).
 
 
 9
 Fifth, Turnpaugh claims that his right to due process was violated by the state trial court's erroneous instructions regarding the order of deliberation for lesser included offenses. The district court recognized that this alleged error could not be prejudicial because Turnpaugh's defense was non-participation in the criminal act, not participation but without the requisite mens rea. See Conway v. Anderson, 698 F.2d 282 (6th Cir.), cert. denied, 462 U.S. 1121 (1983). Consequently, the instructions did not violate Turnpaugh's due process rights.
 
 
 10
 Sixth, Turnpaugh argues that he received constitutionally ineffective assistance of counsel at trial. Under Strickland v. Washington, 466 U.S. 668 (1984), a Sixth Amendment claim of ineffective assistance of counsel is not constitutionally cognizable unless it can be shown that the attorney's conduct was both incompetent and prejudicial. The district court concluded that Turnpaugh did not demonstrate that his trial attorney acted incompetently. Moreover, the district court found that Turnpaugh did not establish the requisite prejudice. We have reviewed the record, and we must agree with the district court. Even if Turnbaugh could establish that his trial attorney acted incompetently, he could not show a reasonable probability that, but for the alleged incompetency, the result of the trial would have been different.
 
 
 11
 Seventh, Turnpaugh argues that he received constitutionally ineffective assistance of counsel on appeal because his attorney did not raise the arguments raised here. Again, Turnpaugh cannot satisfy the requirements of Strickland v. Washington. As the district court duly noted, many of these issues had not arisen at the time of the appeal, others had not been preserved for appeal, and the remaining issues would not have produced a different result, even if raised.
 
 
 12
 Finally, Turnpaugh claims that newly discovered evidence exonerates him. Again, this claim is not cognizable in a habeas proceeding. As the Supreme Court ruled in Townsend v. Sain, 372 U.S. 293, 317 (1963), "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief in federal habeas corpus."
 
 
 13
 We find that none of the constitutional arguments raised by Turnpaugh, either alone or in combination with each other, warrant the issuance of a writ of habeas corpus. Consequently, we need not decide whether Turnpaugh abused the writ. The judgment of the district court is affirmed.